John **WHITNEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9910–CR–708.

Court of Appeals of Indiana.

April 7, 2000.

Janice L. Stevens, Marion County Public Defender, Indianapolis, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Attorneys for Appellee.

## OPINION

VAIDIK, J.

### Case Summary

John Whitney challenges the sufficiency of the evidence supporting his conviction for possession of cocaine,[1] a class D felony, following a bench trial. Specifically, he asserts that the State failed to show that he had constructive possession of the cocaine found in the car. He argues that 1) he did not have the intent to commit the crime because he did not have knowledge of the cocaine's presence, and 2) he did not have the ability to maintain control over the cocaine because it was hidden in a secret compartment of a vehicle he had borrowed from another. Because we conclude that Whitney's exclusive possession

---

1. IND. CODE § 35–48–4–6.

of the car, along with the evidence of his marijuana use, establishes his intent and ability to control the cocaine, we affirm.

### Facts and Procedural History

The facts most favorable to the judgment are as follows. On January 14, 1999, around 8:00 p.m., police officer Charles Benner stopped Whitney for a traffic violation. Whitney was the sole occupant of the vehicle. Officer Benner asked Whitney for his driver's license. Since he did not have a license, Whitney produced a state identification card. Officer Benner returned to his police vehicle and ran a check on the status of Whitney's license. The check revealed that Whitney was driving with a suspended license. At that time, Officer Benner placed Whitney under arrest. Officer Benner handcuffed Whitney and took him to the back of the car.

During his contact with Whitney, Officer Benner smelled the odor of marijuana in the car and saw in plain view a partially smoked marijuana cigarette on the floor of the driver's compartment. Record at 47. After the arrest of Whitney, Officer Benner returned to the vehicle Whitney had been driving and retrieved the marijuana cigarette. Upon collection of the cigarette, Officer Benner searched the vehicle for other contraband. During the search, Office Benner noticed that the panel above the glove compartment was loose, so he popped it open. Officer Benner found a brown paper bag containing two plastic bags hidden inside. One plastic bag contained marijuana and the other cocaine.

Whitney was charged with possession of marijuana,[2] a class A misdemeanor, possession of cocaine, a class D felony, and driving while suspended,[3] a class A misdemeanor. Following a bench trial on May 26, 1999, the trial court found Whitney guilty of possession of cocaine and possession of marijuana. Whitney now appeals his conviction for possession of cocaine.[4]

2. IND. CODE § 35-48-4-11.

3. IND. CODE § 9-24-18-5.

### Discussion and Decision

■■■ When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Smith v. State,* 678 N.E.2d 1152, 1155 (Ind.Ct.App.1997), *trans. denied.* We look solely to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Wooden v. State,* 657 N.E.2d 109, 111 (Ind.1995). "Where the evidence of guilt is essentially circumstantial, the question for the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence." *Bruce v. State,* 268 Ind. 180, 375 N.E.2d 1042, 1080 (1978), *cert. denied,* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. Furthermore, we "need not determine whether the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence, but rather whether inferences may be reasonably drawn from that evidence which supports the verdict beyond a reasonable doubt." *Bustamante v. State,* 557 N.E.2d 1313, 1318 (Ind.1990) (citation omitted).

■■■ Whitney alleges that the evidence is not sufficient to support his conviction. Specifically, he argues that he lacked the necessary intent and the ability to maintain dominion and control over the cocaine. To convict Whitney of possession of cocaine, the State must prove that Whitney knowingly or intentionally possessed cocaine. IND. CODE § 35-48-4-6. A conviction for possession of cocaine may be supported by actual or constructive possession. *Goodner v. State,* 685 N.E.2d 1058, 1061 (Ind.1997). Constructive possession is established when the defendant had 1)

4. Whitney does not challenge his conviction for possession of marijuana in this appeal.

the intent to maintain dominion and control over the contraband, and 2) the ability to maintain dominion and control over the contraband. *Lampkins v. State*, 685 N.E.2d 698, 699 (Ind.1997).

### I. Intent

To prove the intent element, the State must show Whitney's knowledge of the presence of the cocaine. " 'This knowledge may be inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.' " *Taylor v. State*, 482 N.E.2d 259, 261 (Ind.1985) (quoting *Woods v. State*, 471 N.E.2d 691, 694 (Ind.1984)). Whitney contends that he borrowed the car and, therefore was not in exclusive possession. As our supreme court has stated, however: "The issue ... is not ownership but possession." *Goliday v. State*, 708 N.E.2d 4, 6 (Ind.1999). Whitney was the driver and sole occupant of the vehicle when Officer Benner stopped him. Thus, the court could reasonably conclude that Whitney was in exclusive possession of the vehicle. *See Parson v. State*, 431 N.E.2d 870, 872 (Ind.Ct.App. 1982) (despite defendant's assertion that another had prior access to the vehicle, the jury could reasonably conclude that vehicle had been reduced to defendant's exclusive possession given the evidence that he was the driver and sole occupant).

The fact that Whitney had exclusive possession of the car is some evidence from which it might ordinarily be inferred that he was aware of the cocaine and marijuana in the car. However, in this case, the drugs were hidden in a secret compartment. In such cases, we are hesitant to rely solely on control of the vehicle as evidence of intent. We find the Fifth Circuit's opinion in *United States v. Richardson*, 848 F.2d 509 (5th Cir.1988) instructive. There, the court held that in hidden compartment cases, knowledge may not be inferred solely from the defendant's control of the vehicle in which the contraband is hidden. To establish intent, the court required additional evidence that demonstrates guilty knowledge. *Id.* at 513; *see also United States v. Resio–Trejo*, 45 F.3d 907, 911 (5th Cir.1995) (holding that, when drugs are hidden, knowledge of their presence generally cannot be inferred solely from defendant's control over the vehicle). Thus, we conclude that additional evidence of guilty knowledge is necessary to establish intent where narcotics are found in a hidden compartment.

While Whitney's exclusive possession of the vehicle is insufficient to support a conviction, we conclude there is sufficient additional circumstantial evidence from which the trier of fact could reasonably infer that Whitney knew that the marijuana and cocaine were concealed in the vehicle he was driving. During the traffic stop, Officer Benner noticed a marijuana cigarette on the floor of the driver's compartment and he smelled the odor of marijuana. Marijuana and cocaine were found in a secret compartment of the car. Based on Whitney's use of marijuana and the fact that marijuana was found in the secret compartment, the trier of fact could reasonably infer that Whitney knew the drugs were in the vehicle. Furthermore, the panel behind which the drugs were hidden was popped open on one side. This is further circumstantial evidence of Whitney's guilty knowledge. Thus, we conclude there is sufficient evidence to establish the element of intent.

### II. Ability to Control

Whitney also contends that he was not capable of maintaining dominion and control over the cocaine because it was hidden in a secret compartment of which he was unaware. The capability requirement is met when the State shows that the defendant is able to reduce the controlled substance to the defendant's personal possession. "Proof of a possessory interest in the premises in which the illegal drugs are

found is adequate to show the capability to maintain dominion and control over the items in question." *Davenport v. State,* 464 N.E.2d 1302, 1307 (Ind.1984). Here, Whitney had sole possession of the car in which the drugs were found. Such possession is sufficient to show his ability to control the cocaine. Because constructive possession may be proved by circumstantial evidence, proof of a possessory interest in the premises in which contraband is found is adequate to show the capability to maintain control and dominion over the contraband. *See Carnes v. State,* 480 N.E.2d 581, 585–86 (Ind.Ct.App.1985). The evidence is sufficient to support the trial court's conclusion that Whitney had constructive possession of the cocaine. Therefore, Whitney's conviction for possession of cocaine is affirmed.

Judgment affirmed.

DARDEN, J. and FRIEDLANDER, J., concur.