Donnell JONES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0909–CR–850.

Court of Appeals of Indiana.

April 12, 2010.

Ruth Johnson, Marion County Public Defender, Corey L. Scott, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Donnell Jones ("Jones") appeals his conviction for carrying a handgun without a license [1] as a Class C felony. Jones raises the following issue, which we restate as: whether the evidence is sufficient to establish beyond a reasonable doubt that Jones had the requisite intent to constructively possess the handgun at issue.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On February 2, 2008, Jones, who was a mechanic at Hunt's Automotive in Indianapolis, Indiana, was driving a customer's 1990 Jeep Cherokee on North Sherman Drive. Since Jones's vehicle had broken down, he decided to test-drive the custom-

---

1. *See* Ind.Code § 35–47–2–1.

er's vehicle on his way home from work. Jones had consumed alcohol at work and continued to do so on his way home.

Indianapolis Metropolitan Police Detective Alfred Watson, who was using a radar device, observed Jones driving the Jeep at a speed of fifty-two miles-per-hour in a thirty-five mile-per-hour zone. Detective Watson stopped the vehicle and observed Jones "reaching in the rear seat around the rear floorboard and around the front floorboard of the vehicle." *Tr.* at 11. As Detective Watson approached the driver's side door of the vehicle, Jones drove away. Detective Watson pursued Jones and stopped him again. The officer observed that Jones had a very strong odor of alcoholic beverage about his person, had bloodshot eyes, and had slurred speech. Detective Watson observed open containers of alcoholic beverages lying on the front passenger floorboard and behind the driver's seat. When a computer check was conducted on Jones's information, Detective Watson learned that Jones's license was suspended for a prior conviction.

When Jones complied and exited the vehicle at the officer's request, he was too intoxicated to perform any field sobriety tests. Detective Watson placed Jones in handcuffs, at which time Jones became belligerent and threatened the officer. Jones was placed under arrest and transported to the Arresting Processing Center. Detective Watson began an inventory of the vehicle and found a Bryco 380 handgun under the driver's seat. The handgun was located "right under the front portion of the seat." *Id.*

The State charged Jones with operating a vehicle while intoxicated as a Class A misdemeanor, driving while suspended as a Class A misdemeanor, carrying a handgun without a license as a Class A misdemeanor, and carrying a handgun without a license as a Class C felony. Jones did not challenge the operating a vehicle while intoxicated count and was found guilty by the trial court of that offense. The trial court found insufficient evidence to support the driving while suspended count and found Jones not guilty of that offense. The trial court found Jones guilty of carrying a handgun without a license as a Class C felony, and sentenced Jones to one year executed for the operating a vehicle while intoxicated conviction, and to five years executed for the carrying a handgun without a license conviction to be served concurrently. Jones now appeals.

## DISCUSSION AND DECISION

Our standard of review for a challenge to the sufficiency of the evidence is well-settled. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction. *Boyd v. State*, 889 N.E.2d 321, 325 (Ind.Ct.App.2008). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Id.* "Where the evidence of guilt is essentially circumstantial, the question for the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence." *Whitney v. State*, 726 N.E.2d 823, 825 (Ind.Ct.App.2000). Further, we need not determine if the circumstantial evidence is capable of overcoming every reasonable hypothesis of innocence, but whether the inferences may be reasonably drawn from that evidence which supports the conviction beyond a reasonable doubt.

*Bustamante v. State,* 557 N.E.2d 1313, 1318 (Ind.1990).

 In order to convict Jones of carrying a handgun without a license, the State was required to prove beyond a reasonable doubt that Jones carried a handgun on or about his body without a license. Ind.Code § 35–47–2–1. Further the State had to establish that Jones had actual or constructive possession of the handgun. *Grim v. State,* 797 N.E.2d 825, 831 (Ind.Ct. App.2003). In order to establish actual possession, the State must show that the defendant had direct physical control over the handgun. *Bradshaw v. State,* 818 N.E.2d 59, 62 (Ind.Ct.App.2004). In order to establish constructive possession, the State must show that the defendant had both the intent and capability to maintain dominion and control over the handgun. *Id.* at 62–63. That showing inherently involves establishing that the defendant had knowledge of the handgun's presence. *Grim,* 797 N.E.2d at 831.

Jones was on his way home while test-driving a customer's car at the time of the traffic stop. Our Supreme Court has stated that in the context of exclusive possession, the issue is not ownership but possession. *Goliday v. State,* 708 N.E.2d 4, 6 (Ind.1999). Therefore, Jones's argument that the Jeep was not his fails, as his possession of the Jeep at the time of the stop is dispositive. *Whitney,* 726 N.E.2d at 826.

Further, Jones's exclusive possession of the Jeep is some evidence from which we might ordinarily find an inference that he was aware of the handgun in the Jeep. However, here, the handgun was under the driver's seat of a customer's vehicle that Jones chose to test-drive on his way home from work. In cases such as this, where the driver does not have exclusive possession of the vehicle for a long period of time before the handgun is found, we are hesi-

tant to impute possession of the handgun solely on control of the vehicle as evidence of intent. *See Whitney,* 726 N.E.2d at 826 (will not impute evidence of intent to possess hidden contraband based solely on exclusive possession of borrowed vehicle). Examination of additional circumstantial evidence of guilty knowledge is necessary to establish intent. *Id.* (citing *United States v. Richardson,* 848 F.2d 509, 513 (5th Cir.1988)).

Additional circumstances may include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the drugs or weapons; (5) drugs or weapons in plain view; and (6) location of the drugs or weapons in proximity to items owned by the defendant. *Ladd v. State,* 710 N.E.2d 188, 190 (Ind.Ct.App.1999).

Here, Jones made no incriminating statements about the handgun that was recovered under the driver's seat of the Jeep during an inventory of the vehicle. The activity described by the officer as furtive gestures were described as "reaching in the rear seat around the rear floorboard and around the front floorboard of the vehicle." *Tr.* at 11. The evidence shows that the open bottle of gin was located on the hump on the front passenger side of the Jeep, three or four unopened beer cans were located on the front floorboard and front passenger seat, while an open beer can was located on the rear floorboard behind the driver's seat. A cup of lime juice was located next to the open can of beer. Although Jones testified that he had no knowledge of the handgun and that he was trying to hide the alcohol from the officer, the trial court discredited Jones's testimony about his actions based on Jones's inability to recall being pulled

over the first time. The owner of the vehicle did not testify at trial.

We find that while the evidence is sufficient to establish that Jones was guilty of operating a vehicle while intoxicated, the evidence is insufficient to establish beyond a reasonable doubt that Jones had the requisite intent to constructively possess the handgun at issue. We find that the circumstantial evidence is inadequate to support an inference of intent to carry a handgun without a license beyond a reasonable doubt.

Reversed.

FRIEDLANDER, J., and ROBB, J., concur.