**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRANCE L. WALTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A05-1210-CR-518 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1203-FC-98

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Terrance Walton appeals his convictions of Class C felony carrying a handgun without a license[1] and Class A misdemeanor operating while intoxicated endangering a person.[2] He presents three issues for review:

1.    Whether the State presented sufficient evidence he carried a handgun without a license;

2.    Whether the trial court abused its discretion in sentencing Walton by not finding certain mitigating circumstances; and

3.    Whether Walton's sentence for carrying a handgun without a license is inappropriate in light of his character and offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 18, 2012, Indiana State Trooper Caleb Anderson stopped Walton for speeding. Walton was the driver and sole occupant of the vehicle. As Trooper Anderson approached Walton's vehicle he noticed Walton lean to the right and look down. Walton had red blood-shot eyes and smelled of alcohol. When questioned, Walton acknowledged having a couple of beers, and a portable breath test indicated he was over the legal limit. Trooper Anderson arrested Walton, and during an inventory search of the vehicle found a handgun in the closed center console. Walton denied any knowledge of the gun's presence and said the gun belonged to his friend Mario White.

---

[1] Ind. Code § 35-47-2-23(c)(2)(B).
[2] Ind. Code § 9-30-5-2(a),(b).

At trial, White testified he borrowed Walton's car to drive to the scene of a domestic dispute between White's mother and her husband. White testified he took his gun with him, but then he left it in the center console because tensions between his mother and her husband had subsided. He testified he forgot his gun was in the center console until the next morning after Walton's arrest.

Walton was convicted of Class C felony carrying a handgun without a license and Class A misdemeanor operating a vehicle while intoxicated. The court imposed an aggregate sentence of seven years.

## DISCUSSION AND DECISION

### 1.    Sufficiency of Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh evidence. *Id.* Conflicting evidence is construed in favor of the trial court's ruling. *Id.* We affirm "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* The evidence need not overcome every inference of innocence. *Id.* at 147. Where the evidence is circumstantial, the question on review is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence. *Whitney v. State*, 726 N.E.2d 823, 825 (Ind. Ct. App. 2000).

Walton argues there was insufficient evidence he carried a handgun without a license. "[A] person shall not carry a handgun in any vehicle . . . without being licensed under this

3

chapter to carry a handgun." Ind. Code § 35-47-2-1(a). To sustain a conviction, the State must show the defendant had control over the vehicle and knowledge of the gun's presence. *See E.D. v. State*, 905 N.E.2d 505, 507 (Ind. Ct. App. 2009). If a defendant is the driver and sole occupant of a vehicle where a firearm is found, a jury may reasonably infer his knowledge of the gun's presence and his capability of controlling it. *See Whitney*, 726 N.E.2d at 826 (exclusive possession found notwithstanding assertion of another's prior access). As Walton was the driver and sole occupant of the vehicle, the jury could infer his knowledge of the handgun's presence; notwithstanding White's testimony that he had placed the handgun in the center console without Walton's knowledge. *Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004) (jury is not required to believe uncontradicted witness testimony).

If, instead, the jury had accepted White's testimony, then an inference that Walton knew of the gun's presence based solely on Walton's exclusive possession would be impermissible, because the gun was in a hidden compartment, *id*. (secret compartment), and Walton had not had exclusive possession of the vehicle for a long period of time before the firearm was located. *See Jones v. State*, 924 N.E.2d 672, 675 (Ind. Ct. App. 2010) (short duration). If the jury believed White, the State then was required to show additional circumstances demonstrating Walton's knowledge of and control over the gun. *See Whitney*, 726 N.E.2d at 826. These additional circumstances could include: (1) defendant's incriminating statements; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) defendant's proximity to the contraband; (5) the contraband being in plain view;

4

and (6) the contraband's close proximity to defendant's possessions. *Jones*, 924 N.E.2d at 675.

The State met this additional burden when it presented evidence of Walton's furtive gestures and incriminating statements. Walton argues his furtive gestures could be viewed as attempts to locate his license and registration, and his incriminating statements came only after officers had located and advised him of the gun's presence. However, Walton's arguments amount to an invitation to reweigh evidence and assess witness credibility, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge credibility of witnesses). The evidence permitted the jury to infer Walton knew of the gun's presence. *See Causey v. State*, 808 N.E.2d 139, 144 (Ind. Ct. App. 2004) (finding furtive movements and close proximity to handgun sufficient evidence to support inference of constructive possession of handgun). Therefore the evidence was sufficient to sustain his conviction.

### 2.     Abuse of Discretion

Walton argues the trial court abused its discretion when sentencing him because it did not consider all mitigating factors. Sentencing rests within the sound discretion of the trial court and, if the sentence is within the statutory range, the sentence is reviewed on appeal for an abuse of discretion. *Croy v. State*, 953 N.E.2d 660, 663 (Ind. Ct. App. 2011). An abuse of discretion occurs when the decision is clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Id.*

In the context of an assertion the trial court should have found a mitigating factor, an

5

appellant has the burden of showing the alleged factor was offered to the trial court and is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *modified on other grounds on reh'g* 875 N.E.2d 218 (Ind. 2007). A trial court is not required to accept a defendant's argument as to what is a mitigating factor or to provide the mitigating factors the same weight as does a defendant. *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012). It is not error to decline to find a mitigating factor that is "highly disputable in nature, weight, or significance." *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citation omitted), *trans. denied.* A trial court is not required to explain why it did not find a factor significantly mitigating. *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006). A trial court's consideration of factors may be evidenced either in the written order or in an oral sentencing statement. *Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2012).

Walton contends the trial court should have found mitigators in the hardship on his minor children, and his education and employment history. He offered evidence of the hardship on his minor children and of his education and employment history, but he has not explained on appeal why these alleged mitigators were significant. Absent special circumstances, a trial court is not required to find incarceration would place an undue burden on a defendant's minor children, because a number of incarcerated individuals have children. *Reese v. State*, 939 N.E.2d 695, 703 (Ind. Ct. App. 2011), *trans. denied.* Walton has not shown such special circumstances, and thus we cannot find an abuse of discretion in the trial court's failure to find this alleged mitigator.

6

Nor has Walton shown why his education and employment history are significant. The trial court is not required to find his ability to maintain employment a significant mitigating factor. *See Creekmore*, 853 N.E.2d at 530 ("many people are gainfully employed such that this would not require the trial court to note it as a mitigating factor or afford it the same weight as defendant proposed"). Nor was the court obliged to find Walton's pursuit of higher education a mitigator. *See Benefield v. State*, 904 N.E.2d 239, 248 (Ind. Ct. App. 2009) (trial court not required to find higher education a mitigator), *trans. denied*. As Walton has not demonstrated these mitigators were significant and clearly supported by the record, there was no abuse of discretion.

### 3. Nature of the Offense and Character of the Offender

Walton also contends that his sentence was inappropriate in light of the nature of the offense and his character. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v.*

7

*State,* 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted), *trans. denied*.

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shell v. State*, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010). Before we may revise a sentence, the defendant must "demonstrate that his sentence is inappropriate in light of both the nature of his offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

Walton was convicted of a Class C felony, which carries a fixed term of two to eight years, with an advisory sentence of four years, Ind. Code § 35-50-2-6, and a Class A misdemeanor, which carries a fixed term of not more than one year. Ind. Code § 35-50-3-2. In assessing the appropriateness of a sentence, we focus on the aggregate sentence rather than on the sentence for any individual count. *Heinzman v. State*, 970 N.E.2d 214, 228 (Ind. Ct. App. 2012). Walton faced a maximum sentence of nine years but he was sentenced to only seven. As to the nature of his offense, while on federal probation for being a felon in possession of a firearm, Walton drove his car while intoxicated and transported therein a gun for which he did not have a license.

As for Walton's character, Walton has one prior misdemeanor conviction of carrying a handgun without a license and three prior felony convictions of forgery, escape, and being a

felon in possession of a firearm. Walton has had a sentence modified once[3] and a suspended sentence revoked once.[4] He was on probation when he committed the present offense. This is Walton's third handgun-related offense, which suggests prior adjudications have not modified his behavior. Walton's criminal history highlights the ineffectiveness of leniency thus counseling against a revision in his sentence.

We cannot say a seven-year sentence is inappropriate based on Walton's offense and character.

## CONCLUSION

The State presented sufficient evidence Walton carried a handgun without a license. Walton has not demonstrated the trial court abused its discretion in its consideration of mitigating factors. Nor is Walton's sentence inappropriate in light of his character and the nature of his offense. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[3] In 2005, Walton's 180 days sentence to Allen County Jail to be served on home detention was modified to 180 days in Allen County Jail with 20 days home detention credit.
[4] In May 2008, Walton's two year suspended sentence was revoked and he received two years at the Indiana Department of Corrections.