**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 09 2014, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRANDON E. MURPHY**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MONICA L. RITTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A02-1401-CR-52 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable Nicholas Barry, Judge
Cause No. 05D01-1306-CM-239

**September 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Monica L. Ritter appeals her conviction for class A misdemeanor criminal conversion. Finding the evidence sufficient to support her conviction, we affirm.

## Facts and Procedural History[1]

On May 23, 2013, Ritter and two companions went shopping at a Hartford City discount store (the "Store"). Store manager Karen Clamme observed the trio and found certain of their behaviors suspicious, i.e., entering and exiting the fitting rooms with differing numbers of items. Clamme approached Ritter and made a general statement about people stealing. When Clamme asked her if she was with the other two women, Ritter responded, "Yes, but I don't do what they do." Tr. at 9. As the conversation progressed, one of Ritter's companions became confrontational, and she and the other companion left the store.

Clamme immediately phoned police, who arrived shortly thereafter. While one officer confronted the companions outside, another conducted a consensual search of Ritter's purse. In the bottom of the purse, police discovered a pair of white capri pants with no tag attached. Police and Store personnel searched the area near the fitting room where Ritter and her companions had been shopping. They found three detached tags, one of which corresponded exactly to the color, size, and style of the pants discovered in Ritter's purse.

Ritter told the officer that the pants already belonged to her and that she had purchased them from the Store on a previous date. Police twice sought to obtain a receipt from her, but

---

[1] We remind appellant's counsel that a statement of facts should be in accordance with the standard of review and should be in narrative form rather than a witness-by-witness summary of trial testimony. Ind. Appellate Rule 46(A)(6).

she could not produce one. Store management searched the Store's computer system and ascertained that the pants had not been sold on either the current date or the previous date submitted by Ritter.

The State charged Ritter with class A misdemeanor criminal conversion. The trial court found her guilty as charged. She now appeals.

**Discussion and Decision**

Ritter challenges the sufficiency of the evidence to support her conviction for criminal conversion. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the judgment and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* To be sufficient, the evidence need not overcome every reasonable hypothesis of innocence. *Id.* This is true even where the evidence of guilt is substantially circumstantial. *See Jones v. State*, 924 N.E.2d 672, 674 (Ind. Ct. App. 2010) ("[W]e need not determine if the circumstantial evidence is capable of overcoming every reasonable hypothesis of innocence, but whether the inferences may be reasonably drawn from that evidence which supports the conviction beyond a reasonable doubt.").

To prove Ritter guilty of class A misdemeanor criminal conversion, the State was required to establish that she "knowingly or intentionally exert[ed] unauthorized control over property of another person." Ind. Code § 35-43-4-3(a) (2011). Ritter maintains that the State

3

failed to meet its burden of proving (1) that the pants were property of another person; and (2) that she exerted unauthorized control over them.

First, Ritter submits that the evidence was insufficient to establish that the pants were the property of the Store. We disagree. Store manager Clamme testified that the Store sells the brand, color, and size of pants that were found in Ritter's purse. Ritter admitted that the pants came from the Store but asserted that she had purchased them during a previous visit. However, both during and after the incident, she was unable to produce any receipt to substantiate her claim. Likewise, Clamme's search of Store records showed no previous purchase as Ritter claimed. Notably, immediately after the incident, police and Store personnel found some tags near the dressing rooms where Ritter and her companions had been shopping. One of those tags corresponded exactly to the color, size, and style of the pants in Ritter's purse. The evidence is sufficient to support a reasonable inference that the pants belonged to the Store.

Ritter also challenges the sufficiency of evidence to establish that she exerted unauthorized control over the pants. Indiana Code Section 35-43-4-1(a) defines "exert control over property" as "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property." Subsection (b) states in part, "a person's control over property of another person is 'unauthorized' if it is exerted … without the other person's consent … [or] in a manner or to an extent other than that to which the other person has consented." At trial, the State introduced evidence that Ritter possessed and concealed the pants by placing them in the bottom of her purse. The circumstantial evidence indicates that

4

she had removed the tag before stashing the pants. Clamme testified that customers were not authorized to put merchandise in their purses, and Ritter never asserted that she thought otherwise. *See Morris v. State*, 921 N.E.2d 40, 43 (Ind. Ct. App. 2010) (distinguishing between circumstances of authorized control, i.e., when customer places unpurchased items in cart or shopping bag provided by store, and unauthorized control, i.e., "if someone moves or hides unpurchased items within the confines of a store with no intent or ability to purchase them"), *trans. denied*.[2]

The evidence most favorable to the judgment indicates that Ritter and her companions acted suspiciously while trying on merchandise at the Store, prompting Store management to alert the police. During a consensual search, police discovered a pair of pants concealed in the bottom of Ritter's purse. The pants were from the Store, and police and Store personnel found a detached tag corresponding exactly to the pants. To the extent that Ritter asserts that the tag could have come from a different yet identical pair of pants, she asks that we reweigh evidence, which we may not do. The evidence is sufficient to support the trial court's conclusion that Ritter knowingly or intentionally exerted unauthorized control over the Store's property. Accordingly, we affirm.

---

[2] Ritter relies on Indiana Code Section 35-43-4-4 as support for her assertion that the evidence is insufficient to establish the exertion of unauthorized control. Her argument is misplaced in two ways. First, the statute does not contain an exclusive list of the bases upon which the State may establish a prima facie case. Rather, it merely lists circumstances that affirmatively constitute a prima facie showing with respect to certain elements. Second, those elements include "intent to deprive the owner of the property of a part of its value," which is an element of theft, not conversion. Because Ritter was charged with conversion, the State was not required to make any showing with respect to her intent to deprive the Store of the pants' value.

5

Affirmed.

RILEY, J., and MATHIAS, J., concur.