## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Hilary Bowe Ricks
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Earl Moody,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2017

Court of Appeals Case No.
49A05-1611-CR-2487

Appeal from the Marion Superior Court

The Honorable Alicia Gooden, Judge

The Honorable Richard Hagenmaier, Commissioner

Trial Court Cause No.
49G21-1602-F5-4595

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Earl Moody (Moody), appeals his conviction possession of marijuana, a Level 6 felony, Ind. Code § 35-48-4-11(c).

We affirm.

# ISSUE

Moody presents one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt that he possessed marijuana.

# FACTS AND PROCEDURAL HISTORY

On February 1, 2016, Indianapolis Metropolitan Police Department Officer James Perry (Officer Perry) initiated a traffic stop after he observed a vehicle fail to signal while exiting a gas station. Officer Perry identified Moody as the driver, and the other occupant was J.L. (J.L.), a minor, seated as a passenger in the front seat. When Officer Perry asked for Moody's license and registration, Moody offered the documents and indicated that he had "just purchased the vehicle." (Transcript p. 93). Officer Perry also identified the odor of raw marijuana emanating from the driver side of the car. Officer Perry returned to his vehicle and called for back-up. Officer Joe Beasley (Officer Beasley) responded, and he too noticed the smell of raw marijuana coming from the driver side. Officer Perry approached the passenger side, opened the door, and asked J.L. to step out of the vehicle. As J.L. stepped out of the vehicle, and based on his training, Officer Perry observed "a plastic baggie containing raw

marijuana just to the right of the passenger seat on the floorboard." (Tr. p. 16). Officer Perry alerted Officer Beasley to the discovery of the contraband, and Moody was ordered out of the vehicle. Moody and J.L. were handcuffed and each were read their *Miranda* rights. Again, Moody stated that he was the owner of the car, but denied knowledge of the presence of marijuana inside his vehicle.

[5] At some point, Officer David Williams (Officer Williams) arrived at the scene to offer his assistance. While Officer Williams watched Moody and J.L., Officers Perry and Beasley conducted a further search of Moody's vehicle. The subsequent search yielded two additional vacuum-sealed plastic bags containing raw marijuana. One bag was found "under the center console," and the other was lying between the center console and the passenger seat. (Tr. p. 20). In the trunk, the officers found "80 caliber rounds," and a search of Moody's person revealed a total of $896 in cash. (Tr. p. 21). A chemical test of the baggie found on the floorboard on the passenger side yielded 3.83 grams of marijuana. The two vacuum-sealed plastic bags found in the vicinity of the center console yielded marijuana weighing 27.52 grams and 27.76 grams, respectively.

[6] On February 4, 2016, the State filed an Information, charging Moody with Count I, dealing in marijuana, a Level 6 felony; Count II, maintaining a common nuisance, a Level 6 felony; and Count III, possession of marijuana, a Class B misdemeanor. Based on a prior drug conviction, the State also charged Moody with possession of marijuana, a Level 6 felony. Moody waived his right to a jury trial, and a bench trail was conducted on October 6, 2016. At the end

of the State's case-in-chief, Moody moved for involuntary dismissal pursuant to Indiana Trial Rule 41(B). Based on the evidence presented by the State, the trial court dismissed the dealing in marijuana and maintaining common a nuisance charges; however, it found that the State had presented sufficient evidence with respect to the possession of marijuana charge. Moody proceeded to present his case, and at the close of the evidence, the trial court found Moody guilty of possession of marijuana, a Class B misdemeanor. Considering Moody's prior drug conviction, the trial court elevated Moody's Class B misdemeanor possession of marijuana to a Level 6 felony. On the same day, the trial court sentenced Moody to an executed sentence of 498 days, with 249 days of credit time.

[7] Moody now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Moody challenges the sufficiency of the evidence supporting his conviction for possession of marijuana, a Level 6 felony. On review, our court will not reweigh evidence or assess the credibility of witnesses. *Whitney v. State*, 726 N.E.2d 823, 825 (Ind. Ct. App. 2000). We will consider the evidence most favorable to the judgement, together with all reasonable inferences to be drawn therefrom, and we will affirm the conviction "if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*.

[9]     In order to convict Moody of a Level 6 felony, possession of marijuana, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally possessed marijuana weighing more than thirty grams. *See* I.C. § 35-48-4-11. It is well-established that possession of an item may be either actual or constructive. *See Lampkins v. State*, 682 N.E.2d 1268, 1275 (Ind. 1997), *modified on reh'g*, 685 N.E.2d 698 (Ind. 1997). Actual possession occurs when a person has direct physical control over the item. *Houston v. State*, 997 N.E.2d 407, 410 (Ind. Ct. App. 2013). Constructive possession occurs when a person has: (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it. *Lampkins*, 682 N.E.2d at 1275. Here, the State's case was based on theory of constructive possession. Moody claims that the State failed to show that he had actual knowledge of the presence of marijuana in his vehicle. Accordingly, Moody only disputes the intent element of constructive possession doctrine, not the capability prong.

[10]    To prove intent, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). This knowledge may be inferred from either the exclusive dominion and control over the premise containing the contraband or, if the control is non-exclusive, like here, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id*. Such additional circumstances include, but are not limited, to the following: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) a manufacturing setting; (4) proximity of the defendant to the contraband; (5)

location of the contraband within the plain view of the defendant; and (6) location of the contraband within close proximity of items owned by the defendant. *Bradley v. State*, 765 N.E.2d 204, 212 (Ind. Ct. App. 2002).

[11] In this case, there is evidence pointing to Moody's knowledge of the presence of the marijuana, specifically, its pungent odor. The record shows that the odor was immediately detected by Officer Perry as soon as Moody rolled down his car windows following the traffic stop. In addition, Officer Beasley, who arrived at the scene moments later, likewise smelled the odor of raw marijuana emanating from the driver's side of the vehicle. Based on the obvious smell of raw marijuana emanating from the driver's side of the car, the trial court could reasonably infer that the marijuana odor was likewise readily detectable by Moody and thus he knew the marijuana was present in his vehicle. In addition to the odor, Moody was also in close proximity to the seized contraband. The search of Moody's vehicle yielded two vacuum-sealed plastic bags containing raw marijuana, one of which was found under the center console of the vehicle, and the other between the center console and the passenger seat. Moody had easy access to the center console where the vacuum-sealed plastic bags containing raw marijuana were detected.

[12] Based on the foregoing, we conclude that the State presented sufficient evidence for the trier of fact to infer that Moody had constructive possession of the recovered contraband. Thus, there was sufficient evidence beyond a reasonable doubt to sustain his Level 6 felony, possession of marijuana conviction.

# CONCLUSION

In light of the above, we conclude that the State presented sufficient evidence beyond a reasonable doubt that Moody constructively possessed marijuana.

Affirmed.

Najam, J. and Bradford, J. concur