# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DONALD J. FREW**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL R. HOUSTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1303-CR-84 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1202-FD-157

**October 31, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Michael R. Houston ("Houston") was convicted after a jury trial of possession of cocaine[1] as a Class D felony. He appeals raising the following restated issue: whether the State presented sufficient evidence to support his conviction.

We reverse.

**FACTS AND PROCEDURAL HISTORY**

During the early morning hours of January 29, 2012, Officer Stephanie Souther of the Fort Wayne Police Department ("Officer Souther") was working patrol in Fort Wayne, Indiana when she saw a black Dodge Charger pull out of the lot of Broadway Joe's bar. The car's windows were so darkly tinted that she could not see inside the vehicle, but the car merely pulled across the street and parked in a lot there. Officer Souther observed Houston, whom she recognized from prior encounters, walking away from the car, but did nothing more at that time.

About an hour later, at 1:55 a.m., Officer Souther saw the car again moving at a "pretty high rate of speed." *Tr.* at 90. She decided to stop the car, but due to the dark tint on the windows, she requested back-up before doing so. Officer Souther activated her emergency lights, and the car eventually stopped after traveling a short distance. Once her back-up arrived, the officer asked for the driver, who was later identified as Houston, to exit the car first, and Houston complied. One by one, three other people exited the car and came back to where Officer Souther stood. Luther Green ("Green"), who was identified as the owner of the car, had been sitting in the back passenger-side seat;

---

[1] *See* Ind. Code § 35-48-4-6.

Ashanti Hood ("Hood") had been sitting in the front passenger seat; and Keosha Armour has been seated in the back driver-side seat.

Officer Souther discovered that Houston did not have a valid driver's license and that the license plate on the car belonged to another car. Because the license plate did not match the car, Officer Souther decided to tow it. Fort Wayne Police Officer Jason Crowder ("Officer Crowder") conducted an inventory search of the car before it was towed. While performing the search, Officer Crowder discovered a small baggie with white rock-like substance that he believed to be crack cocaine. This baggie was located between the passenger seat and the center console area. Officer Souther conducted a field test on the substance, and it tested positive for cocaine.

Houston was arrested for possession of cocaine and for driving without a valid driver's license. During the inventory search, officers also found a vial containing a yellow-tinted liquid in the center console area. When Houston was being transported to the jail, he told Officer Souther that the vial contained urine and explained that his uncle had been riding in the car and urinated in the vial. *Id.* at 110. When Officer Souther commented on how small the vial was, Houston denied knowledge of the vial. The vial was never tested to determine its contents, but at trial, Green stated it was "anointing oil" used by his church. *Id.* at 145.

The State charged Houston with possession of cocaine as a Class D felony. A jury trial was conducted, at the conclusion of which, Houston was found guilty. Houston was sentenced to three years with one year and 183 days executed and the balance suspended. Houston now appeals.

**DISCUSSION AND DECISION**

Our standard of review for sufficiency claims is well-settled. When we review a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Parahams v. State*, 908 N.E.2d 689, 691 (Ind. Ct. App. 2009) (citing *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003)). We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.* It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses. *Yowler v. State*, 894 N.E.2d 1000, 1002 (Ind. Ct. App. 2008).

Houston argues that the evidence presented at trial was not sufficient to support his conviction for possession of cocaine. He contends that no evidence was presented to indicate that he was in actual possession of the cocaine and that the evidence did not prove beyond a reasonable doubt that he constructively possessed the drugs. Houston asserts that he was not the owner of the car, that there were three other people present in the car including the owner, and that there were no other circumstances that showed that he had any knowledge of the presence of the cocaine. Houston further claims that there was no evidence presented that he intended to maintain control over the cocaine. As a result, Houston concludes that the evidence was insufficient to support his conviction.

In order to convict Houston of possession of cocaine as a Class D felony, the State was required to prove beyond a reasonable doubt that he did, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possess cocaine, pure or adulterated. Ind. Code § 35-48-4-6. A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Washington v. State,* 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied.* Actual possession occurs when a person has direct physical control over the item. *Henderson v. State,* 715 N.E.2d 833, 835 (Ind. 1999). Because Houston did not have direct physical control over the cocaine found in the car, the State had to prove that he had constructive possession of it.

In order to prove constructive possession of drugs, the State must show that the defendant has both: (1) the *intent* to maintain dominion and control over the drugs; and (2) the *capability* to maintain dominion and control over the drugs. *Wilkerson v. State,* 918 N.E.2d 458, 462 (Ind. Ct. App. 2009) (emphasis added) (quoting *Gee v. State,* 810 N.E.2d 338, 340 (Ind. 2004)). The capability prong may be satisfied by proof of a possessory interest in the premises in which illegal drugs are found.'" *Monroe v. State*, 899 N.E.2d 688, 692 (Ind. Ct. App. 2009) (citing *Gee,* 810 N.E.2d at 340). "This is so regardless of whether the possession of the premises is exclusive or not." *Id.* Here, Houston is not contesting that the *capability* prong was satisfied by the evidence, only that the *intent* prong was not met.

With regard to the *intent* prong of the test, where, as here, a defendant's possession of the premises upon which contraband is found is not exclusive, the inference

5

of intent to maintain dominion and control over the drugs must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence. *Id.* (citing *Gee,* 810 N.E.2d at 341). Those additional circumstances include:

> (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

*Wilkerson*, 918 N.E.2d at 462.

In the present case, the evidence presented showed that the cocaine was found inside the car in the "crevice between the passenger seat and the center console." *Tr.* at 97-98. Although this location may have been within reach of the driver's seat, where Houston was seated, there was no evidence presented to show that Houston had knowledge of the presence of the cocaine. No testimony was presented to indicate that any of the occupants were aware of the presence of the cocaine in the car. When questioned by Officer Souther, Houston denied any knowledge of the presence of the cocaine in the car, and both Green and Hood testified that the officers did not ask them about their knowledge of the cocaine. *Id.* at 127-28, 147, 175-76. No evidence was presented that Houston attempted to flee or that he made any furtive gestures. There was also no testimony to establish that the cocaine was found in plain view of Houston as the driver of the car, merely that it was found "in the crevice between the passenger seat and the center console area" within reach of the driver, but on the other side of the console.

6

*Id*. at 97-98, 131. There was also no evidence that the cocaine was contained near or comingled with any items belonging to Houston.

The only evidence of constructive possession that the State points to is the statement by Houston regarding the vial of yellow-tinted liquid found in the center console area. The State contends that this statement was evidence that Houston was aware of items in and around the console area. Such evidence fails because there was no showing that the vial was connected to the cocaine in any way. Indeed, the evidence established that the vial was in plain view in the console of the vehicle, not in the crevice where the cocaine was found. In addition, the evidence failed to show that Houston even knew what was in the vial because he incorrectly identified the contents of the vial as urine, and Green testified that the vial actually contained anointing oil used in his church. *Id*. at 145. We conclude that the evidence presented at trial was not sufficient to prove the intent prong of constructive possession. We, therefore, reverse Houston's conviction for possession of cocaine.

Reversed.

ROBB, C.J., and RILEY, J., concur.