**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**GREGORY L. FUMAROLO**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEANGELO LAJUAN CURRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1308-CR-432 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1210-FD-1508

**March 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Deangelo Lajuan Curry appeals his convictions for possession of marijuana as a class D felony and resisting law enforcement as a class D felony. Curry raises two issues which we revise and restate as whether the evidence is sufficient to support his convictions. We affirm.

FACTS AND PROCEDURAL HISTORY

At approximately 11:30 p.m. on October 20, 2012, Fort Wayne Police Officer Craig Wise, who was wearing his police uniform, was on patrol in his marked police vehicle near Broadway Joe's bar. Officer Wise observed a vehicle with paper license plates drive slowly by his patrol vehicle and saw the two black male occupants glance over at him. He observed the vehicle stop and saw the driver exit the vehicle and walk toward the front door of the bar, and, when he noticed that no one was in the passenger seat, Officer Wise exited his police vehicle and walked around the corner of the building to see if the passenger went behind the bar.

Officer Wise walked around the next corner of the building to an alley and observed Curry standing there. Curry looked at him and then took "some steps back real quick and pat[ted] his waist real quick." Transcript at 75. Officer Wise asked Curry what he was doing back there, and, fearing that Curry had a gun because he kept patting his waist, the officer asked him to raise his hands. Officer Wise went to "sneak behind [Curry] real quick," started patting him down, and asked "[w]hat are you doing back here." Id. Curry replied that he was waiting for his brother.

As Officer Wise patted the area around Curry's waist, he noticed a large ball and asked "[w]hat have you got right here." Id. Curry hesitated, did not answer, and then

2

"tried to push off [Officer Wise] real quick." Id. Officer Wise held onto Curry's shirt, and Curry turned and slapped Officer Wise's glasses off his face, knocking the glasses to the ground and breaking them. Officer Wise tackled Curry to the ground and ordered him to place his hands behind his back, but Curry tried to push off of the ground. Officer Wise called for help using his radio.

Tyrone Fluker, the security officer at Broadway Joe's that night, came around the building, heard Officer Wise order Curry to the ground, and observed him struggling with Curry. Fluker yelled at Curry to stay on the ground, but Curry continued to attempt to break away from Officer Wise and Fluker. Fluker helped restrain Curry until additional officers arrived about three minutes later. Officer Chris Hoffman, wearing his full police uniform, arrived at the scene and observed that Officer Wise was attempting to restrain Curry on the ground and that Curry was "[o]ut of control," and "screaming, attempt[ing] to push up off the ground," and "twisting his upper body attempting to get away from Officer Wise." Id. at 126. Officers Hoffman and Troy Jester assisted with restraining and handcuffing Curry. Officers Hoffman and Jester patted him down and found two bags of a substance later determined to be 97.3 grams of marijuana. Officer Wise's knuckles and knees were bloody as a result of the struggle.

On October 25, 2012, the State charged Curry with possession of marijuana as a class D felony and resisting law enforcement as a class D felony. A jury found him guilty on both counts. The court sentenced him to three years for each conviction, to be served concurrent with each other, and ordered that two and one-half years be executed in the Department of Correction and six months served on probation.

DISCUSSION

The issue is whether the evidence is sufficient to sustain Curry's convictions for possession of marijuana and resisting law enforcement. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. Jordan v. State, 656 N.E.2d 816, 817 (Ind. 1995), reh'g denied. Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict. Id. We will affirm the conviction if there exists evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. Id. It is well established that circumstantial evidence will be deemed sufficient if inferences may reasonably be drawn that enable the trier of fact to find the defendant guilty beyond a reasonable doubt. Pratt v. State, 744 N.E.2d 434, 437 (Ind. 2001). It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses. Houston v. State, 997 N.E.2d 407, 409 (Ind. Ct. App. 2013).

A.    Possession of Marijuana

The offense of possession of marijuana is governed by Ind. Code § 35-48-4-11, which provides in part that "[a] person who . . . knowingly or intentionally possesses (pure or adulterated) marijuana . . . commits possession of marijuana" and that "the offense is a Class D felony if the amount involved is more than thirty (30) grams of marijuana . . . ." Thus, to convict Curry of possession of marijuana as a class D felony, the State needed to prove that he knowingly or intentionally possessed more than thirty grams of marijuana.

4

Curry contends that the evidence was insufficient to show that he possessed the marijuana. Specifically, he notes that the officers claimed that two baggies of marijuana were found on his person, but there was no corroboration by civilian eyewitnesses, and that he "would have been patted down by . . . Flucker [sic], which would have revealed any contraband [he] was carrying." Appellant's Brief at 11. He does not dispute that the substance was marijuana or that it weighed over thirty grams. The State argues that Fluker testified that he had not patted down Curry the evening of the incident, that Curry relies solely on his own testimony and ignores all contradictory testimony, and that this Court may not reweigh the evidence.

We agree that Curry's arguments amount to an invitation for this court reweigh the evidence, assess the credibility of the witnesses, and resolve conflicts in testimony, which we will not do. See Jordan, 656 N.E.2d at 817; Houston, 997 N.E.2d at 409. The record reveals that Officer Wise walked around the corner of the building and that Curry looked at him and took "some steps back real quick and pat[ted] his waist real quick." Transcript at 75. Officer Wise feared that Curry had a gun because he kept patting his waist. As Officer Wise was patting him down, he noticed a large ball and asked Curry about it, at which point Curry hesitated and then attempted to break free. After he was restrained, the police patted him down and discovered two bags of marijuana with a combined weight of 97.3 grams. To the extent that Curry argues that he entered the bar and that Fluker, as the bar's security officer, would have patted him down which would have revealed any drugs he was carrying, we observe that Fluker testified that he patted down everybody that came through the bar's front door and that Curry was not in the bar

prior to 11:30 p.m. on the night of the incident, and we note it is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses. See Houston, 997 N.E.2d at 409.

Based upon the record, we conclude that evidence of probative value existed from which the jury could conclude beyond a reasonable doubt that Curry was guilty of possession of marijuana as a class D felony.

B.      Resisting Law Enforcement

Ind. Code 35-44.1-3-1(a) provides that "[a] person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement, a Class A misdemeanor . . . ." Ind. Code § 35-44.1-3-1(b) provides that the offense is a class D felony if "while committing any offense described in subsection (a), the person draws or uses a deadly weapon, inflicts bodily injury on or otherwise causes bodily injury to another person, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person . . . ." "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b).

Curry asserts that the evidence was insufficient to show that he knew or was aware to a high degree of probability that Officer Wise was a police officer, that nowhere in Officer Wise's testimony does he say he identified himself as a police officer by audible

6

means, and that, although Officer Wise was wearing his police uniform, there was no evidence that Curry could see what the officer was wearing. The State maintains that the evidence was sufficient to support the jury's verdict as, when Curry looked at Officer Wise, he took some steps back and patted his waist, that Officer Wise started to pat him down and asked what he was doing, and that "even if [Curry] did not initially recognize that [Officer] Wise was a police officer, by all accounts [Curry] was 'out of control' and continued struggling against [Officer] Wise and the other officers who joined him for several minutes, long after he should have realized that it was law enforcement officers who were attempting to restrain him." Appellee's Brief at 10.

At trial, Curry testified that he did not know that Officer Wise was a police officer when he grabbed him from behind. However, Officer Wise testified that he was wearing his police uniform and that when he first walked around the corner, Curry looked at him and then took "some steps back real quick and pat[ted] his waist real quick." Transcript at 75. Officer Wise asked him what he was doing back there and then asked him to raise his hands. Officer Wise then went to "sneak behind" Curry, started patting him down, and asked "[w]hat are you doing back here." Id. Curry then replied that he was waiting for his brother. When Officer Wise asked Curry about the item near his waist, Curry attempted to "push off" from the officer. Id. Officer Wise testified that he ordered Curry to place his hands behind his back, and Fluker testified that Officer Wise ordered Curry to the ground. Officer Wise called for help using his radio, and Officers Hoffman and Jester arrived at the scene. Officer Hoffman testified that he was in full police uniform, that he observed Officer Wise attempting to maintain control of Curry, and that he and

7

Officer Jester helped restrain Curry so that he would not kick the officers. While Curry claims that he did not know that Officer Wise was a law enforcement officer, we note that it is for the trier of fact to determine the credibility of the witnesses and assess their testimony.

Based upon our review of the testimony most favorable to the conviction, we conclude that a reasonable jury could have determined and inferred from the evidence that Curry resisted Officer Wise knowingly or intentionally and that sufficient evidence exists from which the jury could find Curry guilty beyond a reasonable doubt of resisting law enforcement as a class D felony. See Bernard v. State, 540 N.E.2d 23, 27 (Ind. 1989) (addressing the appellant's claim that he did not act knowingly or intentionally, observing that the police officer was in uniform and that the appellant was required to turn in order to kick the officer, and holding that a trier of fact could reasonably conclude beyond a reasonable doubt that the appellant was aware of a high probability that he was kicking a law enforcement officer engaged in carrying out his official duties and that the evidence of resisting law enforcement was sufficient).

CONCLUSION

For the foregoing reasons, we affirm Curry's convictions for possession of marijuana as a class D felony and resisting law enforcement as a class D felony.

Affirmed.

ROBB, J., and BARNES, J., concur.