**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 12 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DARRIS BLAKE GALLOWAY,          )
                                )
    Appellant-Defendant,        )
                                )
        vs.                  )    No. 45A05-1310-CR-503
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Judge
Cause No. 45G04-1302-FB-14

**June 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Darris B. Galloway was convicted after a jury trial of dealing in cocaine, a Class B felony. Galloway raises two issues for our review: whether there was sufficient evidence to support his conviction and whether the prosecutor's comments during closing arguments amounted to fundamental error. Concluding there was sufficient evidence and the prosecutor did not commit fundamental error, we affirm.

## Facts and Procedural History

On January 16, 2013, Eugene Neal met with Sergeant Anthony Mosier of the Hammond Police Department to set up a controlled drug buy. Neal had been an informant for about twenty-seven years. On the day of the buy, Neal was searched, given one hundred dollars that had been photocopied, and outfitted with a transmitter, a camera, and a phone. Neal's plan was to purchase fifty dollars' worth of cocaine from a person known as Big Baby. Neal's connection to Big Baby was a man named Wally, from whom Neal had purchased drugs previously. Police monitored Neal's movements during the entire operation by the transmitter and visual surveillance.

Neal bought twenty dollars' worth of morphine pills from Wally, and then arranged to meet Big Baby a few blocks away. While walking to meet Big Baby, Wally saw Galloway, a.k.a. "50," standing outside a van. Wally told Neal to buy cocaine from him because it was high quality. Neal and Wally got into the van, then Galloway drove them to his residence. Galloway went inside the house then came back to the van with a solid piece of what was later identified as cocaine. Neal paid fifty dollars for the cocaine. Galloway drove Neal and Wally back to Wally's residence and left. Neal and Wally were arrested, and a search of Neal's person recovered morphine pills, cocaine, and the

2

remaining buy money. Galloway was eventually arrested and charged with one count of dealing in cocaine, a Class B felony. A jury found him guilty as charged, and Galloway was sentenced to ten years in the Indiana Department of Correction. Galloway now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Sufficiency of Evidence

#### A. Standard of Review

Our standard of review for sufficiency of evidence claims is well-settled:

> [W]e do not reweigh the evidence or judge the credibility of the witnesses. We look only to the probative evidence supporting the judgment and the reasonable inferences therein to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. If there is substantial evidence of probative value to support the conviction, it will not be set aside. It is the function of the trier of fact to resolve conflicts of testimony and to determine the weight of the evidence and the credibility of the witnesses.

Houston v. State, 997 N.E.2d 407, 409 (Ind. Ct. App. 2013) (citations omitted).

#### B. Sufficiency of the Evidence against Galloway

Galloway argues the evidence was insufficient to support his conviction because it was based on speculation and circumstantial evidence provided by a paid informant. Because Neal was in contact with other individuals at the same time he was in contact with Galloway, Galloway argues there were multiple other individuals from whom Neal could have procured the cocaine. We disagree. Despite the fact the recording equipment did not capture video evidence of Galloway passing the drugs to Neal or accepting buy money, Neal testified unequivocally at trial that Galloway promised to "hook [Neal] up" with cocaine and actually sold him cocaine. Transcript at 27. Neal acquired cocaine

3

during the time period he was under police surveillance. Police observed Galloway talking with Neal, driving Neal and Wally to Galloway's house, Galloway going inside his house and coming back to the vehicle soon after, and then driving Wally and Neal back to Wally's house, which provides additional probative evidence to support this conclusion. Galloway asking us to consider other possible sources of the cocaine is an invitation for us to reweigh the evidence, which we will not do. Neal's testimony, corroborated by the audio and video recording and police surveillance, provides enough substantial evidence of probative value to support the conviction.

## II. Prosecutorial Misconduct

### A. Standard of Review

To preserve a claim of prosecutorial misconduct on appeal, a defendant must raise a contemporaneous objection and he must also request an admonishment; if the admonishment is not given or is insufficient to correct the error, he must request a mistrial. Washington v. State, 902 N.E.2d 280, 289-90 (Ind. Ct. App. 2009), trans. denied. If no objection is made, a defendant may raise a claim of prosecutorial misconduct only if he alleges fundamental error. Id. "To constitute fundamental error, the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." Brown v. State, 799 N.E.2d 1064, 1067 (Ind. 2003) (citation and quotations omitted). The alleged misconduct must also have subjected the defendant to grave peril and had a probable persuasive effect on the decision of the jury. Washington, 902 N.E.2d at 290.

4

B. Improper Closing Remarks

Galloway takes issue with two of the State's closing remarks in saying the jury could convict Galloway based solely on circumstantial evidence "if it convinces you" and "if it convinces you beyond a reasonable doubt." Transcript at 239, 260. Galloway argues this is an incomplete statement of the law governing circumstantial evidence and placed him in a position of grave peril, which likely impacted the jury's verdict. Galloway acknowledges the jury received a complete and correct statement of the law regarding circumstantial evidence in final jury instruction number twelve.

The first challenged statement, "if it convinces you," was at the end of the State's description of the difference between direct and circumstantial evidence:

> The other kind of evidence is "circumstantial evidence." And you will get an instruction about what that means as well, but circumstantial evidence is when you put pieces, different pieces of things together, whether it is physical evidence that you look at, things that you hear from witnesses and when you put them together, you can make the determination that something occurred. That's what you can do with the actual hand-to-hand transaction. Because you cannot see it the video [sic]. You can look at all of the pieces of evidence and you can make a determination, based on all of the pieces of evidence, whether or not you believe that that occurred. That is circumstantial evidence. And it is perfectly acceptable, under the law, to base your determination upon that, if it convinces you.

Tr. at 239. The second challenged statements were made during the State's closing rebuttal:

> Those bits and pieces regardless of what [defense counsel] tells you are enough. That is circumstantial evidence. And if it convinces you beyond a reasonable doubt that the defendant is guilty of selling cocaine, regardless of what [defense counsel] sits here and tells you, it's enough.

5

Tr. at 260. Galloway relies on <u>Hampton v. State</u>, 961 N.E.2d 480 (Ind. 2012), to support his position the State's suggestion to the jury was inadequate and an incomplete statement of the law. In <u>Hampton</u>, our supreme court held

> when the trial court determines that the defendant's conduct required for the commission of a charged offense, the *actus reus,* is established exclusively by circumstantial evidence, the jury should be instructed as follows: <u>In determining whether the guilt of the accused is proven beyond a reasonable doubt, you should require that the proof be so conclusive and sure as to exclude every reasonable theory of innocence.</u>

<u>Id.</u> at 491 (emphasis in original). However, an important distinction can be made between <u>Hampton</u> and the present case: the State did not rely solely on circumstantial evidence against Galloway. Direct evidence was provided by Neal's testimony. Additionally, the required language from <u>Hampton</u> was given to the jury in final instruction number twelve.

Assuming *arguendo* the statements describing the law during closing argument were incomplete, final instructions are presumed to correct any misstatement of the law made by counsel during closing argument. <u>Steinberg v. State</u>, 941 N.E.2d 515, 531 (Ind. Ct. App. 2011), <u>trans. denied</u>. Under these circumstances where the jury received a correct statement of law during final instructions, we cannot say the prosecutor's remarks amounted to fundamental error.

### Conclusion

Concluding there was sufficient evidence to support Galloway's conviction and the prosecutor's statements did not amount to fundamental error, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

6