## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 16 2016, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marquis Lewins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 16, 2016

Court of Appeals Case No.
49A02-1603-CR-428

Appeal from the Marion Superior Court

The Honorable Peggy Hart, Master Commissioner

Trial Court Cause No.
49G20-1410-F4-47928

**Barnes, Judge.**

# Case Summary

[1] Marquis Lewins appeals his conviction for Level 4 felony unlawful possession of a firearm by a serious violent felon. We affirm.

# Issue

[2] Lewins raises one issue, which we restate as whether the evidence is sufficient to prove that he possessed a firearm.

# Facts

[3] On October 10, 2015, officers with the Indianapolis Metropolitan Police Department were executing a no knock search warrant at a residence on King Avenue in Indianapolis. Officer Kenneth Kunz was part of the SWAT team executing the warrant. As other officers were entering the front door, Officer Kunz was standing next to a bedroom window. The bedroom window was open six to eight inches, and he saw Lewins in the bedroom. Officer Kunz yelled into the bedroom, "Police. Search Warrant. Show your hands. Stop. Show your hands." Tr. p. 44. However, Lewins looked at Officer Kunz and "went about what he was doing." *Id.* at 45. Lewins removed a grate from a floor heat register and placed cocaine in the register. He then retrieved a bag of marijuana off of an aquarium and placed it in the register too. Lewins also opened a built-in cupboard in the bedroom, retrieved an item, and placed it in his waistband. Lewins then left the bedroom and locked himself in a bathroom. The officers eventually kicked in the bathroom door, deployed a flash bang

device, and apprehended Lewins.  Two other people were also apprehended in the house.

[4]     The officers found marijuana on Lewins.  They also found marijuana and cocaine in the register.  In the bedroom where Lewins was seen, officers found a handgun under the mattress and another handgun in the cupboard.  In the cupboard, officers also found marijuana, a box of syringes with Lewins's name on it, paperwork bearing Lewins's name and the address of the King Avenue house, a box of Accu-Chek Softclix with Lewins's name on the box, and prescription medications in Lewins's name.  A third handgun was found in a kitchen cabinet along with marijuana and digital scales.  In a kitchen drawer, officers found an electric bill for the house addressed to Lewins.

[5]     DNA testing on the handgun found under the mattress revealed a mixture of DNA profiles of Lewins and an unidentified person.  DNA testing on the handgun found in the cupboard also revealed a mixture of DNA profiles of Lewins and another individual with Lewins being the major contributor.

[6]     The State charged Lewins with: Count I, Level 4 felony unlawful possession of a firearm by a serious violent felon; Count II, Level 6 felony possession of cocaine, enhanced to a Level 5 felony based on a prior conviction; and Count III, Class B misdemeanor possession of marijuana, enhanced to a Level 6 felony based on a prior conviction.  The State also alleged that Lewins was an habitual offender.  In a bifurcated trial, the jury found that Lewins had unlawfully possessed a firearm, and Lewins stipulated that he was a serious

violent felon. The jury also found that Lewins had possessed cocaine and marijuana, and Lewins stipulated to his prior convictions and his status as an habitual offender. The trial court entered judgments of conviction on Count I, on the unenhanced convictions for Counts II and III, and on Lewins's status as an habitual offender. The trial court sentenced Lewins to eighteen years in the Department of Correction. Lewins now appeals.

## Analysis

[7] Lewins argues that the evidence was insufficient to show that he possessed a handgun. Lewins does not challenge his other convictions or his status as an habitual offender. In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "'It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.'" *Id.* at 1066-67 (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

[8] Indiana Code Section 35-47-4-5(c) provides: "A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of

a firearm by a serious violent felon, a Level 4 felony." A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Houston v. State*, 997 N.E.2d 407, 409-10 (Ind. Ct. App. 2013). Actual possession occurs when a person has direct physical control over the item. *Id.* at 410. A person constructively possesses contraband when the person has: (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). Although the State argues that Lewins had actual possession of the weapons, Lewins argues that he did not have actual or constructive possession. We need only address whether Lewins had constructive possession.

[9] "The capability prong [of constructive possession] may be satisfied by 'proof of a possessory interest in the premises in which [contraband is] found.'" *Houston*, 997 N.E.2d at 410 (quoting *Monroe v. State*, 899 N.E.2d 688, 692 (Ind. Ct. App. 2009)). "This is so regardless of whether the possession of the premises is exclusive or not." *Id.* The State presented evidence that Lewins was seen in the bedroom where two of the guns were located immediately before they were found. He was also seen taking an item out of the cupboard where one of the guns was found. The officers also found an electric bill for the house bearing Lewins's name. The State presented sufficient evidence to prove that Lewins had the capability to maintain dominion and control over the handguns.

[10] With regard to the intent prong of the test, where a defendant's possession of the premises upon which contraband is found is not exclusive, the inference of

intent to maintain dominion and control over the drugs must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence. *Id.* Those additional circumstances include: (1) incriminating statements by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant. *Henderson v. State*, 715 N.E.2d 833, 836 (Ind. 1999).

[11] The State presented evidence that Lewins ignored Officer Kunz's commands and locked himself in the bathroom during the execution of the search warrant. Officer Kunz saw Lewins in close proximity to the handgun under the mattress and the handgun in the cupboard. Further, items belonging to Lewins were found in the cupboard with the handgun. Finally, Lewins's DNA was found on both weapons. The State presented sufficient evidence to show that Lewins had the intent to maintain dominion and control over the weapons found in the bedroom.[1]

[12] Because we conclude that Lewins had constructive possession of the weapons, we need not address whether he had actual possession. We conclude that the

---

[1] The State also argues that Lewins had constructive possession of the handgun found in the kitchen. As we have found Lewins had constructive possession of the handguns found in the bedroom, we need not address this argument.

evidence is sufficient to sustain Lewins's conviction for Level 4 felony unlawful possession of a firearm by a serious violent felon.

## Conclusion

[13] The evidence is sufficient to sustain Lewins's conviction for Level 4 felony unlawful possession of a firearm by a serious violent felon. We affirm.

[14] Affirmed.

Bailey, J., and Riley, J., concur.