## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 16 2016, 8:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony LeFlore, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 16, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1603-CR-471 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy M. Jones, Judge <br><br> Trial Court Cause No. <br> 49G08-1510-CM-35740 |

**Barnes, Judge.**

# Case Summary

Anthony LeFlore appeals his conviction for Class B misdemeanor possession of marijuana. We affirm.

# Issue

LeFlore raises one issue, which we restate as whether the State presented sufficient evidence to prove that he possessed marijuana.

# Facts

On October 7, 2015, Detective Craig McElfresh of the Indianapolis Metropolitan Police Department was conducting surveillance of a residence prior to executing a search warrant. Detective McElfresh observed LeFlore leave the residence driving a Monte Carlo vehicle. LeFlore returned a few minutes later and parked in the driveway next to the porch. LeFlore was sitting on the front porch when the SWAT team executed the search warrant, and he ran away. Detective McElfresh followed LeFlore and ordered him to get on the ground, and LeFlore surrendered. LeFlore had the keys to the Monte Carlo when he was detained. While Detective John Schweers was executing the search warrant, he walked around the outside of the Monte Carlo and smelled a strong odor of raw marijuana coming from the rear of the vehicle. He opened the fuel hatch and found a bag of marijuana on top of the gas cap.

The State charged LeFlore with Class B misdemeanor possession of marijuana. After a bench trial, LeFlore was found guilty as charged. LeFlore now appeals.

# Analysis

[5] LeFlore argues that the evidence was insufficient to show that he possessed the marijuana. In reviewing the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.* "'It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling.'" *Id.* at 1066-67 (quoting *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005)).

[6] LeFlore argues that the evidence was insufficient to prove that he possessed the marijuana. *See* Ind. Code § 35-48-4-11(a). A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *Houston v. State*, 997 N.E.2d 407, 409-10 (Ind. Ct. App. 2013). Actual possession occurs when a person has direct physical control over the item. *Id.* at 410. Because LeFlore did not have direct physical control over the marijuana, the State had to prove that he had constructive possession of it. A person constructively possesses contraband when the person has: (1) the capability to maintain dominion and control over the item; and (2) the intent to

maintain dominion and control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011).

[7] "The capability prong may be satisfied by 'proof of a possessory interest in the premises in which illegal drugs are found.'" *Houston*, 997 N.E.2d at 410 (quoting *Monroe v. State*, 899 N.E.2d 688, 692 (Ind. Ct. App. 2009)). "This is so regardless of whether the possession of the premises is exclusive or not." *Id.* The State presented evidence that LeFlore was seen driving the vehicle and had the keys in his possession when he was detained. LeFlore parked the vehicle next to the porch, where he was sitting when officers executed the search warrant. LeFlore testified that the vehicle belonged to his mother and that other people also drove it. However, it is unnecessary that the possession of the vehicle be exclusive for the defendant to have the capability to maintain dominion and control over the vehicle. The State presented sufficient evidence to prove that LeFlore had the capability to maintain dominion and control over the vehicle.

[8] With regard to the intent prong of the test, where a defendant's possession of the premises upon which contraband is found is not exclusive, the inference of intent to maintain dominion and control over the drugs must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence. *Id.* Those additional circumstances include: (1) incriminating statements made by the defendant; (2) attempted flight or furtive gestures; (3) location of substances like drugs in settings that suggest manufacturing; (4) proximity of the contraband to the

defendant; (5) location of the contraband within the defendant's plain view; and (6) the mingling of the contraband with other items owned by the defendant. *Id.*

[9] LeFlore argues that the State failed to present any evidence that he had knowledge of the marijuana on the gas cap. He points out that he made no incriminating statements, that he was cooperative with the officers, and that he was not in close proximity to the marijuana. He argues that the gas cap door could have been opened by anyone. The State presented evidence that, during their surveillance, the officers saw LeFlore driving the vehicle and did not see anyone else in the vicinity of the Monte Carlo. LeFlore parked the vehicle right next to the porch, where he was sitting. LeFlore fled the area when the officers attempted to execute the search warrant.

[10] We conclude that the State presented sufficient evidence to demonstrate LeFlore had the intent to maintain dominion and control over the marijuana. LeFlore's argument to the contrary is merely a request that we reweigh the evidence, which we cannot do. The evidence is sufficient to demonstrate LeFlore's constructive possession of the marijuana. *See Gray*, 957 N.E.2d at 176 (holding that the evidence was sufficient to find the defendant constructively possessed marijuana).

## Conclusion

[11] The evidence is sufficient to sustain LeFlore's conviction for Class B misdemeanor possession of marijuana. We affirm.

[12] Affirmed.

Bailey, J., and Riley, J., concur.