

FILED

Sep 16 2016, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Neil L. Weisman
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raihiem Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 16, 2016<br><br>Court of Appeals Case No.<br>71A04-1605-CR-1042<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jane Woodward<br>Miller, Judge<br><br>Trial Court Cause No.<br>71D01-1505-F6-332 |

**Najam, Judge.**

## Statement of the Case

[1]     Raihiem Johnson appeals his conviction for possession of a narcotic drug, as a Level 6 felony, following a jury trial. Johnson raises a single issue for our review, namely, whether the State presented sufficient evidence to demonstrate

that he constructively possessed heroin found in a vehicle Johnson had been operating. We affirm.

## Facts and Procedural History

[2] On May 18, 2015, St. Joseph County Police Department Officer Randy Rodriguez observed Johnson driving a vehicle[1] with an improperly affixed license plate. Accordingly, Officer Rodriguez initiated a traffic stop and approached the driver's side window. As he exited his vehicle, Officer Rodriguez observed Johnson stick his head out the driver's window and look back at him while Johnson's hands remained "inside the vehicle but . . . down in between the seats," which looked like Johnson was "[s]tuffing something" away. Tr. at 35-36. And, upon approaching Johnson, Officer Rodriguez observed that Johnson "had both of his hands in between his seat and the driver's side door." *Id.* at 35.

[3] Officer Rodriguez had Johnson and his passenger, Adam Weaver, who was in the front passenger seat, exit the vehicle while he waited for a K-9 unit to perform a sniff-search of the vehicle. Once the K-9 unit arrived, it alerted officers to the presence of contraband in the vehicle. Officer Rodriguez then searched the vehicle where he had seen Johnson's hands and found heroin wrapped in foil under the driver's seat. Underneath the front of the driver's seat, Officer Rodriguez also found a small black box in which one might keep a

---

[1] The mother of the vehicle's passenger owned the vehicle.

spare key, but this box had a "clear plastic baggie" that "contained more . . . [h]eroin" wrapped in foil. *Id.* at 42.

[4] Officer Rodriguez then searched Johnson's person and found a part of a pen that had been cut at both ends and a piece of a credit card in one of Johnson's pockets. Inside the pen was a white powdery residue. Based on his training and experience, Officer Rodriguez recognized the cut pen and credit card as tools for ingesting narcotics. Officer Rodriguez also discovered foil in Johnson's wallet.

[5] Thereafter, the State charged Johnson with possession of a narcotic drug, as a Level 6 felony. A jury found him guilty of that charge, and the trial court entered its judgment of conviction and sentence accordingly. This appeal ensued.

## Discussion and Decision

[6] Johnson argues on appeal that the State failed to present sufficient evidence to support his conviction. Our standard for reviewing the sufficiency of the evidence needed to support a criminal conviction is as follows:

> First, we neither reweigh the evidence nor judge the credibility of witnesses. Second, we only consider the evidence supporting the [verdict] and any reasonable inferences that can be drawn from such evidence. A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and

we consider conflicting evidence most favorably to the trial court's ruling.

*Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015) (citations and quotation marks omitted).

[7]     Here, Johnson asserts that the State did not present sufficient evidence to show that he constructively possessed[2] the heroin found inside the vehicle. As we have explained:

> In order to prove constructive possession of drugs, the State must show that the defendant has both: (1) the *intent* to maintain dominion and control over the drugs; and (2) the *capability* to maintain dominion and control over the drugs. *Wilkerson v. State*, 918 N.E.2d 458, 462 (Ind. Ct. App. 2009) (emphasis added) (quoting *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004)). "The capability prong may be satisfied by 'proof of a possessory interest in the premises in which illegal drugs are found.'" *Monroe v. State*, 899 N.E.2d 688, 692 (Ind. Ct. App. 2009) (citing *Gee*, 810 N.E.2d at 340). "This is so regardless of whether the possession of the premises is exclusive or not."[3]  *Id.* . . .

> With regard to the intent prong of the test, where, as here, a defendant's possession of the premises upon which contraband is found is not exclusive, the inference of intent to maintain dominion and control over the drugs must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence. *Id.*

---

[2] The State does not suggest that Johnson had actual possession of the heroin found inside the vehicle.

[3] Johnson does not suggest that the State failed to demonstrate that he had the capability to maintain dominion and control over the heroin.

(citing *Gee*, 810 N.E.2d at 341). Those additional circumstances include:

> (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

> *Wilkerson*, 918 N.E.2d at 462.

*Houston v. State*, 997 N.E.2d 407, 410 (Ind. Ct. App. 2013). In addition to the above six circumstances, we have also recognized that the nature of the place in which the contraband is found can be an additional circumstance that demonstrates the defendant's knowledge of the contraband. *E.g.*, *Carnes v. State*, 480 N.E.2d 581, 587 (Ind. Ct. App. 1985), *trans. denied*. Those enumerated circumstances are nonexhaustive; ultimately, our question is whether a reasonable fact-finder could conclude from the evidence that the defendant knew of the nature and presence of the contraband. *See Gray v. State*, 957 N.E.2d 171, 174-75 (Ind. 2011).

[8] Johnson asserts that the facts of his case are analogous to those in *Houston*. In *Houston*, we held that the State failed to present sufficient evidence to demonstrate that the driver of a vehicle constructively possessed contraband found within the vehicle. 997 N.E.2d at 410-11. We reasoned as follows:

In the present case, the evidence presented showed that the cocaine was found inside the car in the "crevice between the passenger seat and the center console." Although this location may have been within reach of the driver's seat, where Houston was seated, there was no evidence presented to show that Houston had knowledge of the presence of the cocaine. No testimony was presented to indicate that any of the occupants were aware of the presence of the cocaine in the car. When questioned by Officer Souther, Houston denied any knowledge of the presence of the cocaine in the car, and both Green and Hood[, the other occupants,] testified that the officers did not ask them about their knowledge of the cocaine. No evidence was presented that Houston attempted to flee or that he made any furtive gestures. There was also no testimony to establish that the cocaine was found in plain view of Houston as the driver of the car, merely that it was found "in the crevice between the passenger seat and the center console area" within reach of the driver, but on the other side of the console. There was also no evidence that the cocaine was contained near or comingled with any items belonging to Houston.

*Id.* at 410 (citations omitted).

[9]     We cannot agree with Johnson that the facts of *Houston* are analogous to the facts in his case. Unlike in *Houston*, here numerous circumstances permitted a reasonable fact-finder to conclude that Johnson had knowledge of the nature and presence of the heroin. First, upon Officer Rodriguez initiating the traffic stop, Johnson made furtive gestures. Specifically, he stuck his hands between the driver's side door and the seat.[4] The heroin was found below the seat.

---

[4] In his brief on appeal, Johnson asserts that Officer Rodriguez's testimony regarding Johnson's furtive gestures is contradictory. We cannot agree. But, even if it were, Johnson's argument would be that we

Second, the heroin was in close proximity to Johnson; again, the heroin was found directly under the seat in which Johnson had been sitting, not, as in *Houston*, in a crevice between the passenger seat and the center console. Third, the nature of the space demonstrates that Johnson knew of the nature and presence of the heroin: it is highly unlikely that the vehicle's other occupant would or could, from the front passenger seat, access the space under the driver's seat without being observed by the stopping officer.

[10] We also agree with the State that the objects found on Johnson's person support the jury's finding that he had knowledge of the nature and presence of the heroin in the vehicle. Again, Officer Rodriguez found a cut pen containing a white powdery residue, a piece of a credit card, and some foil on Johnson's person during the stop. Officer Rodriguez testified that the pen and piece of credit card were consistent with objects used in the ingestion of heroin. He further testified that the heroin discovered inside the vehicle had been wrapped in foil. The significantly related characteristics of the items found on Johnson's person and the heroin found inside the vehicle that he had just been driving is an additional circumstance that supports the fact-finder's conclusion that Johnson knew of the nature and presence of the heroin.

---

should credit that part of Officer Rodriguez's testimony that is more favorable to Johnson over the testimony that is less favorable. We will not reweigh the evidence on appeal; the jury had the whole of Officer Rodriguez's testimony before it and could weigh it accordingly.

In sum, the State presented sufficient evidence to demonstrate that Johnson had the intent to maintain dominion and control over the heroin. As such, the State met its burden to prove beyond a reasonable doubt that Johnson had committed possession of a narcotic drug, as a Level 6 felony. We affirm his conviction.

Affirmed.

Vaidik, C.J., and Baker, J., concur.