## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2017, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ernest P. Galos
Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lewis Bradley, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 26, 2017

Court of Appeals Case No.
71A04-1611-CR-2658

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1508-F5-173

**Crone, Judge.**

# Case Summary

Lewis Bradley, Jr., appeals his convictions for level 2 felony dealing in cocaine and level 5 felony possession of cocaine, following a bench trial. Bradley raises two issues for our review: (1) whether the State presented sufficient evidence to demonstrate that he possessed cocaine; and (2) whether his convictions for both dealing in cocaine and possession of cocaine are barred by double jeopardy. We find that the State presented sufficient evidence to support Bradley's convictions, and his convictions for both dealing in cocaine and possession of cocaine are barred by double jeopardy. Therefore, we affirm his conviction for dealing in cocaine and remand with instructions to vacate judgment of conviction and sentence on his conviction for possession of cocaine.

# Facts and Procedural History

On the afternoon of August 21, 2015, Nicholas Covie was waiting in the passenger seat of his partner's vehicle while his partner, an in-home hospice nurse, was completing a hospice care appointment at a patient's house. While he was waiting, Covie noticed that there was a man cleaning out a car that was parked on the curb directly behind him. Shortly thereafter, Covie observed a red car pull in and park behind the vehicle being cleaned. The driver of the red car, later identified as Bradley, exited the vehicle and walked up to the man cleaning and engaged him in conversation. The two men approached Covie, and Bradley knocked loudly on his window. Bradley asked why Covie was parked on the street and said, "Hey man I got that powder.  Would you like some of that powder?" Tr. Vol. 2 at 21-22. Covie believed that Bradley was attempting to sell

him drugs, declined the offer, and called his friend to hurry back to the car. Covie observed Bradley and the other man walk into a nearby home, and he decided to call the police.

[3] South Bend Police Officer Joshua Morgan responded to the scene in his police vehicle. Covie explained to Officer Morgan that Bradley had made a comment about selling him "powder." During this conversation, Bradley returned to the red car. Covie pointed Bradley out to Officer Morgan and said that Bradley was the person who had tried to sell him drugs.

[4] Bradley entered the red car and pulled away from the curb. Officer Morgan activated his lights to initiate a traffic stop, and Bradley quickly pulled over around the corner. Bradley then immediately exited his vehicle without being told and began to walk away from the traffic stop. Officer Morgan handcuffed and detained Bradley as he tried to assess the situation. Bradley claimed that he was just moving the vehicle and that it was not his. Officer Morgan determined that the last registered owner of the vehicle was a Charles Bradley.

[5] Officer Morgan detected an odor of marijuana coming from the vehicle. He searched the vehicle and found a bag of crack cocaine weighing 5.68 grams in the center console. Bradley was arrested, and when officers moved him to a different police vehicle for transport, he attempted to pull away and used his legs to prevent officers from putting him in the police vehicle. At the jail, Bradley was searched and a bag of marijuana weighing less than a gram was found in his left pants pocket.

[6] The State charged Bradley with level 5 felony possession of cocaine between five and ten grams, class A misdemeanor resisting law enforcement, class B misdemeanor possession of marijuana, and class C misdemeanor operating a motor vehicle without ever receiving a license. The State later added a count of level 5 felony dealing in cocaine and a count of level 2 felony dealing in cocaine between five and ten grams within 500 feet of school property. After a bench trial, the trial court found Bradley guilty of all six charges and entered judgment of conviction on all but the level 5 felony dealing in cocaine guilty verdict, which the court merged with the level 2 felony dealing in cocaine guilty verdict.

[7] The trial court imposed concurrent sentences of ten years with four years suspended on the dealing in cocaine conviction, one year on the possession of cocaine and resisting law enforcement convictions, 180 days on the possession of marijuana conviction, and sixty days on the operating a vehicle without ever receiving a license conviction. Bradley appeals only his convictions for level 2 felony dealing in cocaine and level 5 felony possession of cocaine.

## Discussion and Decision

## Section 1 – Sufficient evidence supports Bradley's convictions.

[8] Bradley contends that the State failed to introduce sufficient evidence to sustain his convictions. We employ the following standard of review:

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess

witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Harrison v. State*, 901 N.E.2d 635, 639 (Ind. Ct. App. 2009) (quoting *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007)) (alteration in *Harrison*), *trans. denied*.

[9] To convict Bradley of both charges, the State was required to prove beyond a reasonable doubt that Bradley knowingly possessed cocaine. See Ind. Code § 35-48-4-1 (dealing); Ind. Code § 35-48-4-6 (possession). Specifically, Bradley asserts that the State's evidence was insufficient to show that he knowingly possessed the cocaine. The State contends that the evidence sufficiently shows that Bradley had actual possession of the cocaine, and in the alternative, that it presented sufficient evidence of Bradley's constructive possession of the cocaine. Actual possession occurs when a person has direct physical control over the contraband. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). Here, the record shows that officers did not find the cocaine on Bradley's person or see him hold or discard the cocaine from the vehicle. Therefore, Bradley's convictions cannot be sustained under a theory of actual possession.

[10]     Where the State does not show actual possession, a conviction for possessing

contraband may rest instead on proof of constructive possession. *Id.* at 174. A

person constructively possesses contraband when the person has: (1) the

capability to maintain dominion and control over the item, and (2) the intent to

maintain dominion and control over it. *Id.* A trier of fact may infer that a

defendant had the capability to maintain dominion and control over contraband

from the simple fact that the defendant had a possessory interest in the premises

on which an officer found the item. *Id.* We allow this inference even when the

possessory interest is not exclusive. *Id.* Likewise, a trier of fact may infer that a

defendant had the intent to maintain dominion and control over contraband

from a defendant's possessory interest in the premises, even when that

possessory interest is not exclusive. *Id.* When that possessory interest is not

exclusive, the State must support this second inference with additional

circumstances indicating the defendant's knowledge of the presence and nature

of the item. *Id.* at 174-75.

> Among the recognized "additional circumstances" are: (1)
> incriminating statements by the defendant; (2) attempted flight or
> furtive gestures; (3) a drug manufacturing setting; (4) proximity
> of the defendant to the contraband; (5) contraband is in plain
> view; and (6) location of the contraband is in close proximity to
> items owned by the defendant.

*Holmes v. State*, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003). The list of

enumerated circumstances is not exhaustive as, ultimately, our question is

whether a reasonable factfinder could conclude from the evidence that the

defendant knew of the nature and presence of the contraband. *Johnson v. State*, 59 N.E.3d 1071, 1075 (Ind. Ct. App. 2016).

[11] Bradley argues that he did not constructively possess the cocaine because he did not have exclusive possession of the vehicle or the items inside it, noting that the vehicle was registered to a Charles Bradley, not to Lewis Bradley. Bradley also emphasizes that he only briefly operated the vehicle that he claimed did not belong to him. However, Bradley was the only person in the vehicle at the time the cocaine was discovered and therefore he had exclusive possession of the vehicle, regardless of whether the vehicle was registered to him or to another person. *State v. Emry*, 753 N.E.2d 19, 22 (Ind. Ct. App. 2001).

[12] Furthermore, additional circumstances were present that permitted a reasonable factfinder to conclude that Bradley had knowledge of the nature and presence of the cocaine. The evidence most favorable to the convictions shows that Covie witnessed Bradley arrive in a red vehicle alone. Bradley then approached Covie and said, "Hey man I got that powder. Would you like some of that powder?" Tr. Vol. 2 at 21-22. Covie believed that Bradley was offering to sell him drugs, and called the police. Officer Morgan arrived and spoke with Covie, and the two of them observed Bradley re-enter the same red vehicle. When Officer Morgan activated his lights to initiate the traffic stop, Bradley pulled over to the curb. However, Bradley immediately exited the vehicle without being told and began to walk away. Bradley further attempted to distance himself from the vehicle when he was detained and handcuffed by Officer Morgan and prior to any investigation into the vehicle, Bradley claimed that he was just moving the

vehicle and that it was not his. A search of the vehicle revealed a bag of crack cocaine weighing 5.68 grams in the center console, which was in close proximity to the driver's seat where Bradley was operating the vehicle. Bradley was the only person seen in the vehicle from the time that he stated that he had cocaine and offered to sell it to Covie until the vehicle was stopped and searched.

[13] Based on that evidence, a reasonable inference could be drawn that Bradley knew of the nature and presence of the cocaine in the center console. Bradley's arguments to the contrary are merely requests to reweigh the evidence and reassess witness credibility, which we may not do. We therefore conclude that the State presented sufficient evidence to demonstrate that Bradley knowingly possessed the cocaine.

## Section 2 – Bradley's conviction and sentence for possession are barred by double jeopardy.

[14] Bradley also contends that his convictions for both level 2 dealing in cocaine and level 5 possession of cocaine are barred by double jeopardy. The State agrees that Bradley may not be convicted of both the greater offense of dealing in cocaine and the lesser-included offense of possession of cocaine. Appellee's Br. at 17.

[15] "'Where the conviction of a greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one.'"

*Harrison*, 901 N.E.2d at 643-644 (quoting *Mason v. State*, 532 N.E.2d 1169, 1172 (Ind. 1989), *cert. denied*). Our supreme court has concluded that where the same cocaine supports both possession of cocaine pursuant to Indiana Code Section 35-48-4-6 and dealing in cocaine pursuant to Indiana Code Section 35-48-4-1, possession of cocaine is a lesser included offense of dealing in cocaine. *Hardister v. State*, 849 N.E.2d 563, 575 (Ind. 2006). Here, the same cocaine was used to support Bradley's dealing and possession convictions. The only cocaine produced as evidence was the single bag of cocaine found by Officer Morgan in the center console of the vehicle that Bradley was operating. No other cocaine was found on Bradley's person or in the vehicle. The State concedes that Bradley was in possession of a single bag of cocaine, and that possession was the basis for both the possession of cocaine conviction and the dealing in cocaine conviction. Appellee's Br. at 17-18.

[16] Where a defendant is found guilty of both the greater offense and the lesser-included offense, the proper procedure is to vacate the conviction of the lesser-included offense. *Taflinger v. State*, 698 N.E.2d 325, 327 (Ind. Ct. App. 1998). Accordingly, we affirm Bradley's conviction for dealing in cocaine and remand with instructions to vacate judgment of conviction and sentence on Bradley's conviction for possession of cocaine.

[17] Affirmed in part and remanded in part.

Baker, J., and Barnes, J., concur.