## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 11:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Rory Gallagher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leroy Washington,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 28, 2018<br><br>Court of Appeals Case No.<br>49A05-1707-CR-1664<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jose D. Salinas, Judge<br><br>Trial Court Cause No.<br>49G14-1605-CM-18662 |

**Najam, Judge.**

## Statement of the Case

Leroy Washington appeals his conviction for possession of marijuana, as a Class B misdemeanor, following a bench trial. Washington presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

On May 16, 2016, Washington was driving a car with an expired license plate in Indianapolis. There were no passengers in Washington's car. Indianapolis Metropolitan Police Department Officers Sergio Deleon and Jordan Bull conducted a traffic stop because of the expired plate. Both officers smelled the odor of marijuana coming from the vehicle, and a third officer, Robert Cosler, who had arrived at the scene also smelled marijuana.

Officers ordered Washington to exit the car, and they placed him in handcuffs while they searched the car. During the search, Officer Cosler used a key he found on a key ring in the car's ignition to open the locked glove compartment, and inside he found "a baggie containing several individually wrapped baggies that contained a green leafy substance that [he] kn[ew] through [his] training and experience to be marijuana." Tr. at 26. Officer Cosler also found "an orange pill bottle that contained marijuana, a grinder, and several more . . . empty plastic bags." *Id.* at 26-27. Washington told Officer Bull that he had "just purchased" the car and had not yet registered the car. *Id.* at 19.

Washington denied that the contraband found in the glove compartment belonged to him.

[4] The State charged Washington with possession of marijuana, as a Class B misdemeanor. Following a bench trial, the trial court entered judgment of conviction as charged and sentenced Washington to sixty days, with four days executed and fifty-six days suspended. The trial court also ordered Washington to complete sixty hours of community service. This appeal ensued.

## Discussion and Decision

[5] Washington contends that the State presented insufficient evidence to support his conviction. In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences most favorable to the conviction, neither reweighing the evidence nor reassessing witness credibility. *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). We will affirm the judgment unless no reasonable fact-finder could find the defendant guilty. *Id.*

[6] To prove possession of marijuana, as a Class B misdemeanor, the State was required to show that Washington knowingly or intentionally possessed marijuana. Ind. Code § 35-48-4-11 (2016). Washington maintains that he "did not have exclusive control over everything inside the Oldsmobile. He had just purchased the Oldsmobile and was driving it for the first time when he was pulled over. The additional circumstances fail to demonstrate that Washington knew marijuana was located inside the locked glove box." Appellant's Br. at 9. We cannot agree.

[7]     A person actually possesses contraband when he has direct physical control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). But a conviction for a possessory offense does not depend on catching a defendant red-handed. *Id.* When the State cannot show actual possession, a conviction for possessing contraband may rest instead on proof of constructive possession. *Id.* A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it. *Id.* A trier of fact may infer that a defendant had the capability to maintain dominion and control over contraband from the simple fact that the defendant had a possessory interest in the premises on which an officer found the item. *Id.* Here, there is no question that Washington, the owner[1] and sole occupant of the car, had the capability to maintain dominion and control over the contraband in the glove compartment, as it was within his reach, and he had the key to unlock the glove compartment. *Holmes v. State*, 785 N.E.2d 658, 661 (Ind. Ct. App. 2003).

[8]     Thus, we turn to whether a reasonable fact-finder could conclude on these facts that Washington had the intent to possess the contraband. For such issues, our ultimate question is "whether a reasonable fact-finder could conclude from the

---

[1] Again, Washington told the officers that he had just bought the car and was driving it for the first time that day. To the extent Washington contends that the circumstances of this case are akin to cases "where another person recently had access to the car" and we held that the evidence was insufficient to prove possession, the cases upon which Washington relies are distinguishable and do not support his contention on appeal. Appellant's Br. at 11. The fact-finder here was entitled to discredit Washington's testimony that he was driving the car for the first time that day, and, in any event, the evidence is sufficient to show that Washington constructively possessed the contraband in the glove compartment.

evidence that the defendant knew of the nature and presence of the contraband." *Johnson v. State*, 59 N.E.3d 1071, 1074 (Ind. Ct. App. 2016). Three police officers testified that they smelled the odor of marijuana coming from Washington's car when they approached the open driver's side window. We hold that the evidence is sufficient to support a reasonable inference that Washington knew of the nature and presence of the marijuana and, thus, that he both had the capability to maintain dominion and control over the contraband and that he intended to possess it. Washington's contentions on appeal amount to a request that we reweigh the evidence, which we cannot do. The State presented sufficient evidence to support Washington's conviction.

[9]    Affirmed.

Mathias, J., and Barnes, J., concur.